UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 5:19-CR-8-RWS-JBB |
| | § | |
| VICTOR GONZALES (4) | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On November 19, 2025, the Court held a hearing on the Government's Petition for Warrant or Summons for Offender Under Supervision. Dkt. No. 310. The Government was represented by Assistant United States Attorney Lauren Richards. Defendant was represented by Cory Floyd.

**BACKGROUND**

Victor Gonzales ("Defendant") was sentenced on October 7, 2019 before The Honorable Robert W. Schroeder III of the Eastern District of Texas after pleading guilty to the offense of Conspiracy and Possession with Intent to Distribute 50 Grams or More of Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline range, based on a total offense level of 27 and a criminal history category of II, was 120 to 120 months. The Court granted a variance and Defendant was subsequently sentenced to 63 months imprisonment followed by a 5-year term of supervised release, subject to the standard conditions of release plus special conditions to include: financial disclosure; no psychoactive substances; and substance abuse and mental health aftercare. On December 14, 2022, Defendant completed his period of imprisonment and began service of the supervision term.

On July 1, 2024, a Petition for Warrant or Summons for Offender Under Supervision was filed regarding the allegations against Defendant (Dkt. No. 310).

**PETITION TO REVOKE**

1

In its Petition (Dkt. No. 310), the Government alleges Defendant violated the following conditions:

1) **Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** Specifically, the Government alleges that, on May 12, 2023, Defendant submitted a urine specimen at Texas & Oklahoma Occupational Medicine Services, in Paris, Texas, which was positive for amphetamine and methamphetamine. This specimen was confirmed positive by Abbott Labs. On January 3, 2024, Defendant submitted a urine specimen at U.S. Probation Office in Durant, Oklahoma, which was positive for methamphetamine. Defendant admitted verbally and in writing to using methamphetamine on December 31, 2023.

2) **After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.** Specifically, the Government alleges that, on November 8, 2023, Defendant was instructed to submit a monthly report no later than the 5th of each month. Defendant failed to submit his monthly report for May of 2024.

3) **Defendant must live at a place approved by the probation officer. If Defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.** Specifically, the Government alleges that, on May 31,

2

2024, a home visit was attempted at Defendant's approved residence; however, the apartment manager reported he had not lived at the residence since May 21, 2024. Defendant has not reported any changes to where he is living to his probation officer.

4) **Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment, Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about his work (such as his position or his job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.** Specifically, the Government alleges that, on May 31, 2024, the U.S. Probation Office contacted Defendant's employer who advised Defendant has not been to work since May 21, 2024. Defendant has not reported any changes to his employment.

5) **If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.** Specifically, the Government alleges that, on February 14, 2024, and May 8, 2024, a Durant, Oklahoma police officer initiated a traffic stop on Defendant. Each time, Defendant was given a warning for a traffic violation. Defendant failed to report his contact with law enforcement to his probation officer.

6) **Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.**

3

Specifically, the Government alleges that, on January 5, 2024, Defendant was referred to substance abuse treatment. Defendant failed to attend treatment as instructed.

## **RECOMMENDATION**

The Court scheduled a final revocation hearing November 19, 2025. At the hearing, the Court reviewed the alleged violations of the above conditions with Defendant. Consenting to the undersigned's taking the plea, Defendant admitted as true the allegations as set forth in the amended petition.

Based upon Defendant's plea of true, the Court finds Defendant did violate his conditions of supervised release as alleged in the U.S. Probation Office's amended petition. Counsel announced the parties had agreed upon the sentence to be imposed. The Court, having considered the agreement as well as the applicable U.S. Sentencing Commission Guidelines, agreed with the parties' proposed sentence and recommended sentence be imposed as follows: Pursuant to the Sentencing Reform Act of 1984, it is recommended that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, with a twelve (12) month term of supervised release to follow, subject to the following conditions.

Upon release from imprisonment, Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of his release from imprisonment unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.

While on supervised release, Defendant must not commit another federal, state, or local crime. Defendant must not unlawfully possess a controlled substance. Defendant must refrain from any unlawful use of a controlled substance. Defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the

Court. Defendant must comply with the standard conditions that have been adopted by the Court. Additionally, the Court finds the following conditions are relevant and are imposed as follows:

Defendant must provide the probation officer with access to any requested financial information for purposes of monitoring Defendant's sources of income.

Defendant must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., syntenic marijuana, bath salts, ext.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any mental health medication as prescribed by Defendant's treating physician. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

The Court further recommends the Court request the Bureau of Prisons designate FCI Texarkana for service of sentence. Based on the foregoing, it is

**RECOMMENDED** that Defendant's plea of true to the allegations set forth above in the amended petition be **ACCEPTED**.  It is further

**RECOMMENDED** that Defendant's supervised release be **REVOKED**.  It is further

**RECOMMENDED** that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months with a twelve (12) month term of supervised release

to follow, subject to the above listed conditions, with FCI Texarkana as the place of confinement. It is finally

**RECOMMENDED** that Defendant receive credit for time served beginning on September 4, 2025, the date he entered federal custody in the Eastern District of Oklahoma.

The parties were informed of the right to file objections to the recommendations as set forth above. The parties waived their objections.

Defendant was also advised that he has the right to be present with counsel, to speak on his own behalf, and to have counsel speak on his behalf before any additional sentence is imposed. Defendant signed a written waiver of his right to be present and speak, and his right to have counsel present and speak, before the district judge imposes the recommended sentence.

SIGNED this the 21st day of November, 2025.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE